IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EURAMEX MANAGEMENT GROUP LLC,

Plaintiff,

 v.

CHERINDA LATIKER,

Defendant pro se.

CIVIL ACTION FILE

NO. 1:15-CV-02909-TWT-WEJ

## FINAL REPORT AND RECOMMENDATION

Defendant pro se, Cherinda Latiker, is facing a dispossessory proceeding in the Magistrate Court of Fulton County, Georgia.  Defendant seeks to remove that case to this Court and has submitted an Application to Proceed in forma pauperis ("IFP") [1] showing that she is unable to pay the removal fee at this time. Accordingly, the Court **GRANTS** the request to proceed in forma pauperis. However, the Court is compelled to remand any action which has been improperly removed; therefore, the undersigned examines this case to determine if removal is proper.  Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229,

1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

Defendant indicates that she is a legal resident of Atlanta, Georgia.  (IFP 5.)  In the Notice of Removal, defendant alleges that the state court proceeding violates the United States Constitution and various federal laws.  (See generally Notice of Removal [1-1].)  Defendant attached to that document a Proceeding Against Tenant Holding Over filed in the Magistrate Court of Fulton County.  (Id. Attach.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question.  28 U.S.C. § 1441(a)-(b).  However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought."  Id. § 1441(b).  Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).   Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Because defendant is a Georgia domiciliary, the Court does not have diversity jurisdiction over this Fulton County action.  Likewise, the Proceeding Against Tenant Holding Over indicates no federal question.  Plaintiff, Euramex Management Group LLC, cannot be subjected to federal jurisdiction after having filed for eviction on state law grounds in state court.  Accordingly, because defendant has failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1446(c)(4).

3

IV.    **CONCLUSION**

For the reasons set forth above, the undersigned **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1] for the limited purpose of remand, and **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of Fulton County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO RECOMMENDED,** this 21st day of August, 2015.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE